JAMES M. NIVEN, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

(Argued February 14, 1879; decided March 18, 1879.)

This action was brought by the plaintiff to recover damages, in consequence of injuries sustained by his wife, by stepping into a hole in one of the side-walks of the city, whereby he was subjected to loss and expense.

The main facts, as disclosed by the evidence, are as follows: About ten o'clock of a dark night, July 4, 1872, plaintiff, his wife and six children were passing upon the side-walk of Reynolds street, a public street of the city, when she stepped into a hole and sustained severe injury. The side-walk had been out of repair, and obviously and notoriously in bad condition since early in the previous spring, and dangerous to travelers. Plaintiff's wife had before occasionally passed over the sidewalk, and knew it was in bad condition, but did not know of the hole into which she stepped. At the time, she was not thinking particularly of the condition of the walk, but knowing that it was generally bad, she was walking carefully, picking her way, and talking with her husband and children. The children were all young, the youngest being in her arms. The common council of the city has under its charter (chapter 143, Laws of 1861) absolute management, care and control of its streets.

At the close of the evidence, the defendant moved that the plaintiff be nonsuited, on the ground that his wife's negligence contributed to the accident, and the motion was denied; and at the close of the judge's charge, defendant's counsel requested him to charge that "under the circumstances of the case, and with the knowledge Mrs. Niven had of the condition of this side-walk, she was bound to look and ascertain where she was going and where she was stepping;" he declined thus to charge, except as he had already charged, and to this there was an exception. The judge had already charged, calling attention to the facts,

that "if there was any negligence on the part of the plaintiff's wife contributing to the injury, if it was through her carelessness, wholly or in part, that she received the injury, that is a complete defense to the action ;" that "ordinarily, where a person has knowledge of the existence of a defect in a highway or side-walk, and he goes over the highway or side-walk, paying no regard to the defect, and is injured, that circumstance of itself is evidence of neglect on his part ;" that "if she went along entirely regardless of the general defective condition of the side-walk, paying no attention to it whatever, she would be chargeable with negligence, which would determine this action ; but it is for you to say, in view of all the circumstances disclosed by the evidence, whether that was the fact, whether she was heedless, or whether being aware of the general defective condition, and using due care, in view of that circumstance, she, at this immediate point, was suddenly plunged into this hole, unaware of its presence, at that very spot ;" that "if looking at the whole testimony, you are satisfied, under the instructions, there was negligence on her part ; that she did not exercise that degree of care which persons of ordinary caution and prudence would have used under the circumstances, the plaintiff cannot recover." *Held*, no error ; that it was clearly a question of fact, upon the evidence, whether there was contributory negligence, and the charge as made was fair and full, and sufficiently covered the whole law of the case ; and hence, the request, was properly refused : (*Diveny* v. *The City of Elmira*, 51 N. Y., 506; *Todd* v. *The City of Troy*, 61 id., 506.)

Also *held*, that the municipal authorities owed the duty of active vigilance to keep the streets in repair ; and after a street has been cut of repair for such a length of time that the defect has become known and notorious to those traveling upon it, and there has been full opportunity for the municipal officers to learn of its existence and repair it, the law imputes notice to the municipality, and charges it with negligence : (*Todd* v. *The City of Troy* [*supra*].).

It was claimed by defendant's counsel that there is a pecu-

liar provision in the charter of this city, which takes this case out of the general rules, and that is this : Section 212 of the charter provides that " it shall, in all cases, be the duty of the owner of every lot or piece of land in said city to keep the side-walk adjoining his lot or piece of land in good repair, and to remove or clean away all snow or ice, and other obstructions from such side-walk." The same section provides that if the lot owner, after notice, fails to repair his side-walk, that the city may do it at his expense. It was argued that the city has the right to presume that the lot owner has done his duty, and hence, cannot be made liable for the bad condition of a side-walk, without express or actual notice. *Held*, untenable ; that there being no proof whatever that the city had made any requisition upon the lot owner or taken any steps whatever to repair this side-walk ; it could get no benefit, in this action, from the provision cited.

A further claim was made, that the city was exempt from liability, because, by the act chapter 771 of the Laws of 1872, commissioners of public works are required to be appointed, who are constituted commissioners of highways, and given charge of all the streets in the city. *Held*, that this did not affect defendant's liability ; that such commissioners are city officers appointed by the mayor, and are the agents of the city, in the discharge of their duties ; and the city remains responsible for the streets, just as it did before, and for precisely the same reasons.

. Also *held*, that evidence of an ordinance of the common council, passed in 1865, directing the side-walks on both sides of Reynolds street to be repaired, was proper, although not necessary, to · show that the city had recognized and taken charge of the side-walks of this street. But, that in any event, the evidence was entirely harmless.

*John B. Perkins* for appellant.

*John H. Martindale* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.