## McGinty v. Flannagan.

The court below instructed the jury that it was the duty of a surviving member of a firm to convert its property into money, collect debts due to it, and first apply them to the payment of its debts due, and that if he mingled the goods of the firm with his own so that they could not be identified, he rendered his own liable for the firm debts; and that the application of the proceeds of the goods to the payment of his individual debts was a fraud upon the firm creditors. *Held*, that the instruction was erroneous.

Error to the Circuit Court of the United States for the Southern District of Mississippi.

The case is stated in the opinion of the court.

*Mr. Alfred B. Pittman* for the plaintiff in error.

*Mr. Jefferson Chandler* and *Mr. William K. Ingersoll* for the defendant in error.

Mr. Justice Matthews delivered the opinion of the court.

This is an action which arose in the course of the proceedings considered in *Fitzpatrick* v. *Flannagan, ante*, p. 648. Edward McGinty, the plaintiff in error, having in that cause appeared as a claimant of the goods seized under the attachment, the same was delivered by the marshal to him, on his giving a bond conditioned, should his claim not be sustained, to pay to the plaintiffs in the attachment such damages as might be awarded against him, or to return the goods. Thereupon, in accordance with the statutory practice in such cases in Mississippi, an issue was joined between the plaintiffs in attachment and him, to try their respective titles to the property. Upon this issue, evidence was submitted by the parties, tending to show substantially the same state of facts as appears in the principal case.

The court refused to give instructions asked on his behalf, and in lieu thereof, among others not necessary to be considered, gave the following:—

"2. It was the duty of J. J. Fitzpatrick, as such surviving partner, to sell and convert into money the goods and property belonging to said firm, and to collect the debts due the firm, and first apply the same to the payment of the debts due by the firm, and not to mingle the same with his own goods, so

that they could not be identified, he being by law created a trustee for this purpose; but if he mingled them with other goods, so that they could not be identified, he thereby rendered his own goods liable for the debts of the firm, or [as?] those originally owned by the firm; and if he applied the proceeds of the sale of such goods, either originally owned by the firm or those afterwards purchased and mixed up with them, so that they could not be identified, to the payment of his private debts, such disposition operated as a fraud upon the rights of the creditors of the firm of which he was surviving partner, and as to him rendered the sale void."

There was a verdict and judgment for the plaintiffs in the attachment, which are brought into review by this writ of error.

The charge above quoted goes further than that which was considered and adjudged to be erroneous in the principal case. For here the jury were instructed that it was a fraud upon partnership creditors to apply to the payment of individual debts goods belonging to the surviving partner, which never belonged to the partnership, but were his own individual property, merely because they had been mingled with the stock formerly belonging to the firm. This is an error, in any view that can be taken of the rights of the parties. Even on the supposition that the partnership stock was held under an express and positive trust for partnership creditors, equity would give the latter only so much of the fund as represented the partnership property, and would divide it as to values between the parties beneficially interested, even although the specific goods might not be separable.

This being so, it could hardly be charged, as a matter of law, that an appropriation of the mingled stock to the extent of a value no greater than would be allowed in equity to individual creditors, in marshalling the assets for distribution between them and the creditors of the partnership, amounted to a fraud upon the latter.

For this, as well as for reasons stated in the opinion in the former case between the original parties, we hold this instruction to be erroneous.

*Judgment reversed, and cause remanded with instructions to grant a new trial.*