ELLEN BULLOCK, Appellant, *v.* THE MAYOR, ALDERMEN and COMMONALTY OF THE CITY OF NEW YORK, Respondent.

It is the duty of the municipal government of the city of New York to keep its sidewalks in a reasonably safe condition for public use. Whether it does so in a particular case is a question of fact for the jury.

A passenger upon a street has a right to use its sidewalk, although knowing it is in an unsafe condition, and if injured, it is a question for the jury whether he was guilty of any carelessness which contributed to the injury

(Argued May 6, 1885; decided June 9, 1885.)

THE nature of this action and the material facts appear in the *mem.* of opinion which is given in full.

" This action was brought to recover damages for a personal injury received from a defective sidewalk in the city of New York. The material facts are as follows: Prior to 1879 One Hundred and Thirty-ninth street between Alexander avenue and Third avenue, was one of the streets of the city of New York and was graded, regulated and used as such, and the sidewalk on the north side of the street had been flagged with stone to the width of four feet. The distance between the two avenues was six hundred feet. In 1879 a contractor with the city raised the grade of Third avenue, and for the purpose of conforming the grade of One Hundred and Thirty ninth street with the avenue, the street was also raised for a distance of about three hundred feet from the avenue, and for that purpose the flagging on the northerly sidewalk was broken up and removed for the same distance. Thereafter, in wet weather, the sidewalk became very muddy and for the purpose of escaping the mud, persons using that walk threw down small pieces of flagging about eighteen inches apart, so that pedestrians could step from one to the other and in that condition the walk remained until June, 1881, when the accident occurred to the plaintiff. She started from Alexander avenue to go to Third avenue, and passed on the northerly side of One Hundred and Thirty-ninth street, walking for three hundred feet upon the flagged walk which had not been disturbed, and then she came to the portion of the walk just described, and in passing from one stone to another she made a misstep and fell, and received the injury of which she complains. These irregular stones, carelessly thrown upon the sidewalk, had remained there for upwards of a year, and the walk was left open for public use, properly flagged for one-half of its distance.

It was the duty of the city to maintain this sidewalk in a reasonably safe condition for public use, and whether it did or not was a question for the jury. (*Diveny* v. *City of Elmira,* 51 N. Y. 512; *Todd* v. *City of Troy,* 61 id. 506; *Clemence* v. *City of Auburn,* 66 id. 334; *Evans* v. *City of Utica* 69 id. 166; *Niven* v. *City of Rochester,* 76 id. 619; *Weed* v. *Village*

*of Ballston Spa,* id. 329 ; *Saulsbury* v. *Village of Ithaca,* 94 id. 27 ; *Dewire* v. *Bailey,* 131 Mass. 169.) The plaintiff had the right to use this walk although she knew its condition, and whether she was guilty of any carelessness which contributed to the accident was also a question for the jury.

"We are, therefore, of opinion that the nonsuit was improperly granted and that the judgment should be reversed and a new trial granted, costs to abide event."

*Wallace Macfarlane* for appellant.

*D. J. Dean* for respondent.

EARL, J., reads for affirmance.

All concur, except FINCH, J., dissenting, and RAPALLO, J., not voting.

Judgment affirmed.