Barker, J.
The sidewalk upon which the plaintiff fell while walking thereon, was laid out, constructed and repaired by the board of trustees and was used by the pubHc for a period of many years prior to the time the plaintiff received the injuries, of which she complains. No question is made, but that the defendant in its corporate capacity had power to construct the said0 sidewalk in the mode and manner pointed out by its charier.
*352 The defendant in its corporate capacity was charged with the obligation of keeping the streets and sidewalks, within its territorial limits, in a reasonably safe and secure condition, and for an omission to discharge such duty it is liable to all persons, observing proper care and caution, who may suffer injuries by reason of the roadbed or sidewalk being out of repair. We do not see how any officer of the defendant’s corporation can entertain any doubt as to its liability in such a case, in view of the terms of the charter and the well-settled rules of law as to the duty of municipal corporations to keep their streets and sidewalks in a safe and secure condition.
The referee has found as a fact that the proper officers having in charge the streets and sidewalks, had actual knowledge that the sidewalk at the place where the plaintiff was injured, was out of repair, and had been for a considerable length of time prior to the accident, and that the plaintiff herself was free from all contributory negligence. On an examination of the evidence on this point, we find it is ample to sustain these conclusions. We could not upon this record reach a contrary conclusion, for it does not appear that all the evidence given on the trial before the referee is set forth therein.
The referee has also found that the .plaintiff knew of the actual condition of the walk prior to the time she was injured. The accident occurred on the morning of a wintry day and before daylight, the same being at the time covered with snow.
The referee further found that the plaintiff was using proper care at the time of the accident, and was guilty of no negligence contributing to the injury which she received, and that at that hour and time the holes and defects in the sidewalk were not visible, and the plaintiff supposed that they were filled up, and the fact that the walk was out of repair, and the exact place where the defect was located, were not present in her mind at the time she was injured, and that she at the time used due caution, and that she fell by reason of the rotten and defective condition of the sidewalk, which the defendant had knowingly suffered and permitted to remain unrepaired.
The circumstance that prior to the accident the sidewalk was out of repair, does not necessarily defeat a recovery. Although it was in an unsafe and insecure condition, it was lawful for the public to use the same. If a person, with the knowledge of the condition of the sidewalk, should receive an injury in consequence of the defect, the right of recovery would depend upon the question whether under the circumstance he was guilty of contributory negligence. The legal propositions above stated were consid *353 ered in the case of Bullock v. The Mayor (99 N. Y., 654), and decided adversely to the argument made in behalf of the appellant with a view of escaping liability to the plaintiff in this action.
The judgment should be affirmed, with costs.
Smith, P. J.; Haight and Bradley, JJ. concur.