## MARY T. LARKIN, Respondent, *v.* HUGH O'NEILL, Appellant.

*Negligence — obstruction of a stairway in a store, so as to prevent customers from taking hold of the bannisters — evidence of former accidents — contributory negligence.*

In this action, brought to recover damages for injuries sustained by the plaintiff, in consequence of a fall upon the stairway of a store kept by the defendant, it appeared that the stairs were so obstructed by display figures as to prevent persons passing down the stairs from availing themselves of the security and protection of the balustrade ; and that the injuries sustained by the plaintiff resulted from her being unable, when coming down the steps, to reach the side of the stairs on which the balustrade was.

*Held,* that it was the duty of the defendant to maintain and preserve the stairway in such a manner as to render it reasonably safe for the use of his customers, and that the obstruction of the steps, so as to prevent persons from using the balustrade and assuring their safety by the use of it, was an act of carelessness on the part of the defendant.

That the fact that these display figures were placed upon the steps by persons in the employ of the defendant, and not by the defendant himself, did not relieve him from responsibility in the premises.

That an objection to evidence showing that accidents had previously occurred upon these stairs, was not sustainable, as it was proper to show, in proof of the fact that the stairs were unsafe and that the defendant himself had probably been made aware of their insecure condition, that these accidents had previously happened.

That the court properly refused to charge the jury that if the plaintiff could have gone back after she observed the obstructions on the stairs, or could have gone down the stairs another way, they should find for the defendant, as the appearance of danger was not so decided as to charge the plaintiff with a want of care in endeavoring to pass down the stairs.

Appeal from a judgment, in favor of the plaintiff, entered upon the verdict of a jury, for $1,600, recovered at the New York Circuit, and from an order denying defendant's motion for a new trial, made on the minutes of the court, on the ground that the verdict was against the weight of evidence, contrary to law and excessive.

*Abraham Kling*, for the appellant.

*Ira Leo Bamburger*, for the respondent.

DANIELS, J.:

The recovery in the action was for damages sustained by the plaintiff in consequence of a personal injury happening to her by falling down the stairs in the store kept by the defendant on Sixth avenue, in the city of New York; and, also, as the assignee of her husband, for the expenses to which he was subjected for medical services and medicines and the loss of the services of the plaintiff as the result of the injury received by her. She entered the store as a customer, for the purpose of purchasing articles of which the stock in part consisted. She went by the elevator in the store to an upper story, where she purchased a cloak, and being desirous of purchasing underwear, was directed by a person in that part of the store to proceed down stairs to the room or apartment where that quality of goods was sold. After receiving this direction she proceeded to the stairs leading from the apartment where she was into that where the underwear was kept for sale. The light in the apartment from which she was proceeding was bright, while that in the apartment to which she designed to go was much darker.

According to her testimony, which was not contradicted upon this subject, she stepped down one of the steps and then endeavored to reach the side of the stairs, on which there was a rail or balustrade. This side of the stairs was obstructed by display figures, placed upon the steps, preventing her from reaching the balustrade or rail. And while in the act of taking the second step and trying to reach the balustrade, she encountered the fall, precipitating her down stairs, and resulting in the injury, which was the subject of complaint in the action.

Her right to recover was resisted on the ground that the proof failed to establish carelessness or negligence on the part of the defendant, and evidence was given on his behalf to the effect that the stairs had been constructed with steps of the usual breadth and heighth, and that this rail or balustrade was upon the side where it should be maintained.

But while the defendant may not have been chargeable with any omission of duty, as to the manner in which the stairs had been constructed, yet as it was so obstructed by the display figures as to prevent persons passing down from availing themselves of the security and protection of the balustrade, a question of negligence

was presented in the case. It was the duty of the defendant to maintain and preserve the stairs in such a manner as to render them reasonably safe for the use of his customers. (*Ackart* v. *Lansing*, 48 How., 374; *Bennett* v. *Railroad Co.*, 102 U. S., 577; *Carleton* v. *Franconia, etc. Co.*, 99 Mass., 216.)

The object and design of placing the balustrade or rail upon the side of the stairs was to render them safe and useful for persons having occasion to pass over them in the course of their business at the store. That was no more than a necessary or reasonable precaution. And placing the balustrade there was a practical concession of its necessity for the protection of persons using the stairs. And it followed that the obstruction of the steps preventing persons from using the balustrade and securing their safety by the use of it was an act from which carelessness on the part of the defendant could be inferred.

It is true these figures were placed upon the steps by persons in his employment and not by himself, but they were his servants, aiding and assisting him in carrying on his business, and for what they did in this manner the defendant himself became legally responsible. That the use of the balustrade was necessary for the protection of persons passing down the steps was not only exhibited by the fall of the plaintiff, but by the fact that other persons had previously fallen upon the stairs in the same manner in passing from the upper to the lower of the apartments. This evidence as to what had previously occurred was objected to but the objection was not well taken, for these preceding accidents were admissible in evidence as proof of the fact that the stairs were unsafe, and that the defendant himself had probably been made aware of their insecure condition by these accidents. Similar evidence was received in *Quinlan* v. *City of Utica* (11 Hun, 217), and in *Guilladen* v. *Coast Wrecking Company* (18 Weekly Dig., 303). This part of the case was, therefore, sufficiently made out by the evidence to submit it to the jury.

It has, however, been argued that the plaintiff herself failed to observe that degree of care which was to be expected and exacted on her part, and that the case on that account should not have been submitted to the jury. And the court was also asked to instruct the jury that if the plaintiff could have gone back after she observed the

obstructions on the stairs, or could have gone down the stairs another way, they should find for the defendant. But the appearance of danger and insecurity was not so decided, certainly, as to charge the plaintiff with a positive want of care in endeavoring to pass down the stairs as she did. It was the ordinary passageway from this upper to the lower department, and was provided for and made use of by the customers in the store, who desired to go to the apartment where the underwear was sold. And she herself appears to have been directed by one of the persons in the upper department to take this avenue for the purpose of reaching the lower department, where she would find the underwear. And her testimony was further to the effect that she could not go to this underwear department by taking the elevator, and she evidently believed herself capable of passing down the stairs without incurring the risk of any serious accident, and would probably have done so had it not been for the obstruction caused by these figures standing upon the steps. Her evidence, which the jury had the right to, and probably did, credit, indicated that she endeavored to pass cautiously and carefully down the steps, and to avail herself also of the protection of the balustrade as far as that might be possible, but she failed in her effort to do so. There was no fact, aside from the inability to reach the balustrade because of the positions occupied by the display figures, that would lead her to suppose that she could not safely pass down the steps. And by the use of care and caution on her part she could still very reasonably believe that she would be able to go, by means of the stairs, from the upper to the lower department without any unavoidable risk to her personal safety. The fact that the effort to do so would be attended with some danger would not of itself charge her with such want of care as would prevent her from maintaining the action. The case would still be subject to the inquiry whether the act of attempting to pass down the stairs was, or was not, careless or negligent, and that, upon the facts appearing, it was for the jury to determine. In the case of *Niven* v. *City of Rochester* (76 N. Y., 619), an injury was received by the plaintiff's wife by stepping into a hole in one of the sidewalks of the city. This sidewalk had been out of repair and was conceded to have been notoriously in bad condition since the early part of the spring, while the accident took place in the evening of the fourth of July. She had before passed over the sidewalk and knew it was in

bad condition, but did not know of the hole into which she stepped. At the time of the accident her mind did not seem to be specially on the condition of the walk, but she was walking carefully and picking her way, and it was held by the court that the question of the exercise of proper care on her part, under these circumstances, was for the jury. The case of *Weed* v. *Village of Ballston* (id., 329) proceeded upon a similar state of facts. There the excavation in the street which caused the injury had continued so long as to become notorious, and while the plaintiff had previously known of its existence, it was held that it was for the jury to determine and decide whether he should be charged with carelessness for driving along the street in the night time, and receiving an injury from the excavation. The same principle was followed in *Bullock* v. *The Mayor, etc.* (99 N. Y., 654), in which the court held that the plaintiff had the right to use and pass over the sidewalk, although she knew it was in an unsafe condition, without being necessarily charged with negligence or omission of care on her part. In *Palmer* v. *Dearing* (93 N. Y., 7) the injury was caused by a broken spot in the oil cloth covering the stairway leading from the second story to the hall below, over which the plaintiff had frequently passed, and yet it was held by the court that she was not necessarily chargeable with negligence because of her knowledge of the condition of the stairway, but that whether she exercised reasonable care or not was for the jury to decide. And in making that decision the jury are in all cases entitled to consider the circumstances attending the occurrence, and if, from the circumstances, the inference is supported that reasonable care was observed, the action may be maintained. (*Tolman* v. *Syracuse, etc., R. R. Co.,* 98 N. Y., 198.)

The verdict here was so far supported by the evidence as to exclude the right of the court to set it aside. Both as to the accident and the damages recovered, they had sufficient proof to sustain their conclusion, and neither of the decisions of the court to which exceptions were taken can be held to have been erroneously made.

The judgment and the order should therefore be affirmed.