### KELLY v. NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Third Department. February 24, 1890.)*

1. NEGLIGENCE—DANGEROUS PREMISES—REPAIRS.
   To repair a hole in the wooden pathway of its bridge, defendant put down a plank three feet long and two inches thick, the edges of which were not beveled. In walking across the bridge at night, plaintiff stumbled against the edge of the plank, and was injured. *Held*, that it was a question for the jury whether defendant was negligent in its manner of repairing the walk.
2. SAME—CONTRIBUTORY NEGLIGENCE.
   At the time of the accident plaintiff had his hands in his pockets, and was walking quickly, the weather being very cold. *Held*, that the question of his contributory negligence was for the jury, even though he knew of the existence of patches on the bridge.

Appeal from circuit court, Albany county.

Action by Bernard Kelly against the New York Central & Hudson River Railroad Company, to recover for injuries sustained by the negligence of defendant in not keeping in proper repair a bridge across its tracks at West Albany. Plaintiff was nonsuited, and exceptions ordered heard in first instance at general term.

Argued before LEARNED, P. J., and LANDON, J.

*Parker & Countryman, (A. J. Parker, Jr.,* of counsel,) for appellant. *Harris & Rudd, (Hamilton Harris,* of counsel,) for respondent.

LEARNED, P. J. The bridge on which the plaintiff met this accident was built by the defendant. The defendant had been authorized to construct and maintain, and, although not an insurer, the defendant was bound to reasonable diligence in keeping it in good order. In this case the defendant, to repair a hole in the wooden pathway of the bridge, had put down a plank some three feet long and one inch and a half or two inches thick. The edges of this plank were not beveled. The plaintiff, in walking across the bridge, stubbed his toe against the edge of this plank, fell, and was injured. Now,

we think that this presented a question for the jury whether the defendant was negligent in repairing the pathway in this manner. This is not a case in which, by the action of the elements, one plank has risen above an adjoining plank. But here the company put the plank over the hole in such a way as to cause this impediment. It does not seem that the company might not have removed the plank in which the hole was, and have put a new plank in its place. Certainly, if they put the plank over the hole, they could have beveled the edges. At any rate, we think that a question was presented which should have gone to the jury.

Nor can we say, as a matter of law, that plaintiff was negligent. It was a cold night. He had his hands in his pockets, and was walking quickly. Of course, if his hands had been free, he would have had a better chance of saving himself from a fall. But it can hardly be called negligence in the eye of the law to keep one's hands in one's pockets, especially when the weather is cold. The plaintiff had crossed the bridge a dozen times in a year, and he had seen a dozen or more similar patches upon it. He could not remember whether he had seen this patch or not. He had stumbled on the bridge before, but had never been injured. He had crossed the bridge a few hours before, but in a horse-car. He says he was walking along without looking to see where he was stepping. It was a starlight night, and about 12 o'clock, the 20th of January. There is a close fence between the pathway and the carriage road on the bridge, which would tend to darken the pathway. These circumstances do not enable us to say, as matter of law, that the plaintiff was negligent. The degree of care to be exercised in such circumstances is a matter to be submitted to the jury under proper instructions. The weather was severe,—about 10 deg. below zero. He naturally walked rapidly. Whether, in the dim light, the patch, as it is called, was visible, we do not know; and, although the plaintiff had previously known that there were these patches on the bridge, still he had a right to use the pathway, and it was for the jury to say whether he was negligent. *Bullock* v. *Mayor*, 99 N. Y. 654, 2 N. E. Rep. 1. The motion for a new trial should be granted, costs to abide event. All concur.