## BANCROFT v. CITY OF NEWBURGH.

(Supreme Court, General Term, Second Department. February 13, 1893.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS.

    In an action against a city for personal injuries resulting from a fall on a defective sidewalk, there was evidence that warranted the inference that the flagging on the sidewalk where plaintiff fell had been out of repair, and more or less dangerous to pedestrians, for many months, and that other persons had tripped and stumbled at the same point. *Held*, that the verdict for plaintiff would not be disturbed.

Appeal from circuit court, Orange county.

Action by Mary B. Bancroft against the city of Newburgh for personal injuries resulting from a fall on a defective sidewalk. From a judgment entered on a verdict by a jury, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

C. L. Waring, for appellant.

M. H. Hirschberg, for respondent.

PRATT, J. This is an appeal from a judgment rendered upon a verdict by a jury, and from a motion for a new trial, made upon the minutes. It appears that the plaintiff, while walking upon a public sidewalk in said city, tripped and fell, injuring her hand, and that the fall was occasioned by a defect or depression in the sidewalk, upon or by which her foot was caught. There was dispute, as usual in such cases, upon the facts; but there was testimony, if credited by the jury, that warranted the inference that the flagging upon the sidewalk at this place had been out of repair, and more or less dangerous for pedestrians, for many months, and that other persons had tripped and stumbled at the same point. All the issues were presented to the jury in a charge clear and perspicuous, and as favorable for the defendant as the evidence warranted. It was apparent that the defect was one which, by ordinary care, a pedestrian would not be likely to see and avoid. Still it was one which, by its location, and the long time it had existed, ought to have been discovered and remedied by the city authorities. The rules as to defects in public streets, and the care which people traveling upon them must exercise, are so familiar that it seems unnecessary to enlarge upon them. Hunt v. New York, 109 N. Y. 141, 16 N. E. Rep. 320; Davenport v. Ruckman, 37 N. Y. 573; Turner v. Newburgh, 109 N. Y. 304, 16 N. E. Rep. 344; Bullock v. City of New York, 99 N. Y. 654, 2 N. E. Rep. 1. The exceptions taken upon the trial were not urged upon the argument, but we have examined them, and find no error. The damages are not excessive, and the judgment ought to stand.

Affirmed, with costs.