### BROWN v. CITY OF SYRACUSE.

(Supreme Court, General Term, Fourth Department. May 18, 1894.)

CONTRIBUTORY NEGLIGENCE—AGE OF CHILD.
Where plaintiff in an action for injuries caused by falling on a defective sidewalk is a young child, her age is to be considered by the jury, in connection with all the other circumstances, in passing on the question of contributory negligence.

Appeal from circuit court, Onondaga county.

Action by Vietta Brown, an infant, by guardian ad litem, against the city of Syracuse, for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $96, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Charles E. Ide, for appellant.

M. E. Driscoll, for respondent.

MERWIN, J. This action is based upon negligence. The plaintiff, on the 28th November, 1891, fell upon the sidewalk at the inter-

section of Oak and Henderson streets in the city of Syracuse, and the recovery in the case is for the damages sustained from the fall. Henderson street, at that locality, is comparatively level, and runs east and west. Oak street runs north and south, and as one comes north there is a steep up grade. The accident was at the southeast corner. The occupant of the corner lot had, in the month of October previous to the accident, built a new sidewalk on Henderson street, upon a grade fixed by the city engineer of the defendant. This sidewalk, at the point where it stopped near the margin of the sidewalk of Oak street, was about a foot higher than the walk on Oak street, and the two were connected by a slant of earth about sixteen inches long. The plaintiff was then between eight and nine years old. She came up on the east side of Oak street, drawing a small sled. When she arrived at the corner at Henderson street, she turned, and in the effort to step onto the new sidewalk there she slipped and fell, and was injured. This was in the forenoon. It had been snowing some, and there is evidence tending to show that the snow melted, so that it was muddy at the corner. There is evidence tending to show that the sidewalk at the corner, or the connection between the two, was in a defective or dangerous condition, and had been so for a sufficient length of time to charge the defendant with notice, and that such defective condition caused or contributed to the injury. The main contention of the defendant is that the evidence was not sufficient to justify the submission to the jury of the question of contributory negligence. The plaintiff had been over the walk before, and could see the step as she came to it. She is not able to describe particularly how she came to fall, except that she tried to step up onto the new sidewalk, and her foot slipped, and she fell. The step, as she says, was quite a big one, and there is other evidence to that effect. There was at the side a slope that she might have taken, but there is evidence that that was muddy. In Bullock v. City of New York, 99 N. Y. 654, 2 N. E. 1, it is said that a passenger upon a street has a right to use its sidewalk, although knowing it is in an unsafe condition, and, if injured, it is a question for the jury whether he was guilty of any carelessness which contributed to the injury. There, as here, the party made a misstep, and fell. The degree of care required by a person approaching a known dangerous situation is, as a general rule, to be determined by the jury. Palmer v. Dearing, 93 N. Y. 10. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age; and in passing upon the question of contributory negligence the age of the infant, with all the other circumstances in the case, is to be considered by the jury. Dowling v. Railroad Co., 90 N. Y. 670. What, in case of adults, might, as matter of law, be contributory negligence, may, in case of infants of the age of the plaintiff, present a question of fact for the jury. Baird v. Richardson, 4 N. Y. St. Rep. 648; McGovern v. Railroad Co., 67 N. Y. 417, 422. We think that the question of contributory negligence was properly given to the jury. The degree of intelligence of the plaintiff was an element. She was a witness before the jury, and they

therefore, on that subject, had special means of knowledge. They had a right to consider the conduct of the plaintiff at the time of the accident as testified to by her, and the surrounding circumstances. The defendant further claims that the court erred in refusing to charge that, if the condition of the walk was the result of an error of judgment in determining the plan of construction, then the plaintiff could not recover. It is very evident that the city did not design that the step between the walks should be a permanent matter. The grade upon Oak street was designed to be raised to correspond to that on Henderson street. The question was, as the court charged the jury, whether the connection between the higher and lower grade was unsafe as it was in fact left, and had remained for a month. The court properly held that the rule as to the plan of construction did not apply. No sufficient reason is shown for reversing the judgment, and it should be affirmed.

Judgment and order affirmed, with costs. All concur.