WHALEN v. CITIZENS' GASLIGHT CO.

(City Court of Brooklyn, General Term.   November 26, 1894.)

NEGLIGENCE—EVIDENCE.

>   Whether plaintiff, a woman 70 years old, who stumbled over the flagstone placed on the sidewalk by defendant while lawfully making an excavation in the sidewalk, was negligent, is a question for the jury.

Appeal from trial term.

Action by Anna Whalen against the Citizens' Gaslight Company for personal injuries.   There was a judgment in favor of plaintiff, and defendant appeals.   Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Frank Sullivan Smith, for appellant.

Thos. E. Pearsall, for respondent.

CLEMENT, C. J.  The question whether or not the plaintiff was guilty of contributory negligence was properly submitted to the jury.  The plaintiff was, at the time of her injury, 70 years of age, and while walking on the sidewalk on Court street, in this city, tripped on a flagstone, and was thrown down.  The employés of the defendant had removed the flagstone, and placed it over another, which formed a part of the sidewalk.  The law on this question is well settled by a long line of authorities.  Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424; Smith v. Ryan (City Ct. Brook.) 8 N. Y. Supp. 853, affirmed 130 N. Y. 653, 29 N. E. 1033; Bullock v. City of New York, 99 N. Y. 654, 2 N. E. 1; Dale v. City of Syracuse, 71 Hun, 449, 24 N. Y. Supp. 968; Brown v. City of Syracuse, 77 Hun, 411, 28 N. Y. Supp. 792.  The appellant had the right to excavate where it did, but when the sidewalk was disturbed its employés were bound to be careful and prudent in the performance of the work.  The testimony does not show to our satisfaction that there was a necessity for placing the flag over the broken one.  The latter was not moved for the reason that it would be difficult to replace, as it was broken in several pieces.  The company did the work in a way which would save expense, even if it did interfere with the use of the street by the aged and infirm.  The question of the negligence of the defendant was also, under the authorities, properly submitted to the jury.

We do not think that error can be predicated on the exception at folios 140 and 141.  Horen had given no testimony as to where the flag was, and, if he had, his testimony that he had been told by his foreman to put it in a particular place would be no evidence that he did put it in that place.  The exception at folio 175 was not well taken, within the authority cited.  Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023.  The first part of the proposition is faulty,— "that there is no presumption that the plaintiff exercised care and prudence in regard to her life and limb."  The request should have been that, while there is a presumption that a person will exercise care in regard to life and limb, yet the inference could not be drawn from such presumption that the plaintiff was not guilty of contributory negligence.  In the words of Judge Earl:  "The presumption that every one will take care of himself from regard to his own life and safety cannot take the place of proof."  Cordell v. Railroad Co., 75 N. Y. 330–332.  The sixth request, if charged, would have misled the jury.  It leaves out of the case the question whether or not a prudent person would have placed the stone, even if it was necessary to put it over the broken flag, without any protection or warning to travelers.  Judgment and order denying new trial affirmed, with costs.