LOTTIE LICHTENSTEIN, Respondent, *v*. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

*Negligence — injuries sustained by a person falling upon an accumulation of snow, at the side of a crosswalk covered with water.*

In an action brought against a municipal corporation to recover damages for injuries sustained by the plaintiff in slipping upon a ridge of ice and snow from one to three feet in thickness, on which she had stepped in order to avoid an accumulation of water several inches in depth which had formed upon a crosswalk, proof that the obstruction in the street on either side of the crosswalk had been created by the city depositing there the snow and ice removed by it from the crosswalk, that the street had been in substantially the same condition for upwards of four weeks prior to the accident, and that during that time several persons had fallen upon the same crossing, presents a case for the consideration of the jury.

VAN BRUNT, P. J., and INGRAHAM, J., dissented.

APPEAL by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of November, 1897, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 6th day of December, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Theodore Connoly*, for the appellant.

*George Hahn*, for the respondent.

McLAUGHLIN, J.:

On the 8th of March, 1893, the plaintiff, in attempting to pass over the crosswalk on Second avenue, extending from the southeast to the northeast corner of Seventy-ninth street, in the city of New York, fell and fractured the fibula of her right leg. She brought this action to recover damages for the injury upon the ground that the same was caused by the negligence of the defendant.

Upon the trial, evidence was offered tending to show that on either side of the crosswalk referred to there was, at the time of the accident, an accumulation of ice and snow, with a rough uneven surface from one to three feet in thickness; that this obstruction in

the street was created by the city depositing the snow and ice which it removed from the crosswalk; that water several inches in depth had been permitted to accumulate and remain upon the crosswalk; that the plaintiff, in order to avoid stepping in the water, stepped upon the accumulation of ice and snow at one side of the walk when she slipped, fell and sustained the injury referred to. It also appeared that the street, including the crosswalk, had for upwards of four weeks prior to the accident been in substantially the same condition that it was on that day, and that during that time several persons had slipped and fallen upon the same crossing.

With evidence tending to establish such facts, we think the defendant's negligence was a question to be submitted to the jury. It was the duty of the city to keep its streets, including crosswalks, in a reasonably safe condition for public travel. Did it perform that duty? The jury, by the verdict, found that it did not, and the evidence sustains the finding.

The plaintiff had a right to use this street, including the crosswalk, although she knew its condition. (*Bullock* v. *The Mayor*, 99 N. Y. 654.) She could not be charged, as a matter of law, with contributory negligence because she sought to avoid the water which the city had permitted to accumulate upon the crosswalk, and whether her negligence contributed to the injury was, we think, also a question for the jury. The jury found upon evidence which warranted the finding that the plaintiff was free from negligence, and that her injury was caused solely by the negligence of the defendant. We see no reason for interfering with the finding.

It follows that the judgment must be affirmed, with costs.

BARRETT and RUMSEY, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

The plaintiff started to cross Eightieth street from the south to the north side at the corner of Second avenue on March 8, 1893. It seems that the center of this crosswalk was filled with water and on each side of the crosswalk there were ridges of ice. The plaintiff in walking on the crosswalk put her left foot upon what appeared to be solid ground, and when she stepped upon it her foot sank in, covering her foot entirely with water. To avoid wetting the other

foot, she stepped a little to the east with the right foot upon what appeared to be a ridge of ice that was hilly and ridgy. When she stepped upon this her foot slipped, her ankle turned and she fell sideways and sustained the injury, to recover for which the action is brought. So far as appears the crosswalk was perfectly safe, except that, in consequence of the melting snow, some water had gathered there. To avoid the water she put her foot upon this ridge of ice in the street, and from that she slipped.

The plaintiff swore that in cleaning the crosswalk snow had been thrown on either side of it, and that was what made the ridge, varying in height from one to three feet; that it was a thawing day, and it was this snow which had been piled up " on the ice melting in the thaw which filled the center of the crosswalk with water;" that she was walking on the ice, at the side of the crossing, when the accident happened. It was proved that on the 8th day of March, 1893, the temperature was as high as fifty degrees, which would cause the snow in the street to melt quite rapidly; that six inches of snow had fallen on the fourth of March and one-half inch on the seventh of March, and that during the month of February the temperature was of the usual kind of winter weather in this latitude, alternating with freezing and thawing; that the snow that fell on the seventh of March and previous to that time was melting all of the afternoon of the seventh and all the morning of the eighth. The undisputed evidence is that the accident was solely caused by slipping on this ice in the middle of the street; that on crossing the plaintiff voluntarily stepped upon it to avoid putting her foot in the water, and that the snow that caused this ridge, the melting of which caused the water upon the crosswalk, had fallen on the fourth and seventh of March preceding the eighth of March, the day upon which the accident happened.

It was proved on behalf of the defendant that during this month of March there was a great deal of snow and that all of the street cleaning force was engaged in keeping the snow off the crosswalks, and that at the time of this accident the streets were full of ice and snow. It seems to me that there was no evidence here of any negligence on the part of the city of New York. The accident happened, not because of any unsafe condition of the sidewalk or crosswalk, but because of an unusually heavy fall of snow, amount-

ing on the fourth of March to upwards of six inches, followed by another snow storm on the seventh. of March. The streets had become blocked with snow, and with the warm weather on the eighth the snow had commenced to melt and caused pools of water in the streets. The defendant had endeavored to clean the cross-walks of snow to make them safe for use, and when the thaw came there was naturally more or less water collected in these crosswalks from which the snow had been removed. To avoid stepping in this water the plaintiff voluntarily stepped upon a ridge of snow which, from the use of the streets, had been packed tight and had become ice, and upon that she slipped and fell. There was nothing in the condition shown in this street which had any relation to the injury but what is common after every severe snow storm in this climate, followed by warm weather which causes the snow to thaw; and unless we are prepared to hold that it was negligence on the part of the city not to clean every one of the streets of New York of snow within two or three days after a snow storm, there is no evidence to show that the city neglected any duty which it was bound to perform. There is nothing to show here that this crosswalk was unsafe at the place selected by the plaintiff to cross. It is not suggested how the city could have prevented this injury except by removing all of the snow and ice from the street as soon as it fell, and this is an absolute impossibility. We cannot affirm this judgment without holding that, in every case in which a person slips upon a ridge of snow in the street, the city is responsible for the injury; and that would make the city substantially an insurer of every one using the street for every accident that would happen in consequence of snow or ice. This is the first case of which I have knowledge in which a recovery has been sustained against a municipal corporation for slipping upon a ridge of ice off a cross-walk in the middle of a street.

I, therefore, dissent.

VAN BRUNT, P. J., concurred.

Judgment affirmed, with costs.