**Thomas R. Wilson, Plaintiff in Error, v. John L. Bolen, Defendant in Error.**

**Gen. No. 14,761.**

1. CONTRACTS—*when for purchase of real estate properly rescinded.* A party agreeing to purchase real estate is justified in refusing to proceed if the abstract furnished does not show a merchantable title in the vendor.

2. REAL PROPERTY—*when unpaid taxes constitute liens.* Held, that the unpaid taxes in question in this case constituted valid existing liens against the real property involved.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed December 21, 1909.

JOHN STELK, for plaintiff in error.

BOLEN & STEWART, for defendant in error; PARK PHIPPS, of counsel.

Mr. Justice Smith delivered the opinion of the court.

An action was brought in the Municipal Court of Chicago by the plaintiff in error against the defendant in error and it was submitted to the court for trial, without a jury, upon an agreed state of facts as follows:

Thomas R. Wilson, the plaintiff, agreed to purchase a house and lot in Berwyn, Cook county, Illinois, from the defendant Bolen, and paid M. M. Hitchcock, as agent for Bolen, the sum of one hundred dollars and received therefor a receipt reading as follows: "Berwyn, Illinois, September 27th, 1907. Received of T. R. Wilson, One Hundred Dollars for deposit on house now occupied by O. G. Hutchins, belonging to John L. Bolen, situate in Sinclair Ave., Berwyn, Purchase $3,250. Cash payment $500. Payments for balance, $30 or more monthly including interest. M. M. Hitchcock."

No other express agreement was entered into by the parties. It was contemplated that upon the examination and acceptance of the title the further sum of $400 should be paid, and a contract executed providing for the delivery of warranty deed upon the payment of the balance of the purchase money less $1,800 secured by first mortgage on the premises. About October 10, 1907, an abstract of title covering the property purchased from the United States Government to October 2, 1907, was delivered to the plaintiff and by the plaintiff handed to his attorney for examination. On October 15, 1907, plaintiff's attorney rendered to the plaintiff a written opinion on the abstract submitted, as to the title shown thereby. In the opinion of this attorney the defendant Bolen had a good title to the premises in question on October 2, 1907, subject to liens and other rights in favor of the State and other tax beneficiaries, for certain unpaid back taxes and forfeitures hereinafter mentioned.

As to the taxes it was stipulated and agreed the facts were as follows:

First. In a continuation of the abstract, dated July 15, 1882, is shown the following: "Judgment was rendered at the July term 1873 of the County Court of Cook County, Illinois, for the State, County, etc., taxes of 1872, levied on Ex. R. R. N. of Rd. E. 1/2 N. E. 1/4 Sec. 31, T. 39, R. 13, amounting to $314.36, from which judgment an appeal was taken."

"Note. The amount of the above noted taxes has not been extended on any subsequent tax warrant prior to 1881, and at the date of this examination remains unpaid."

Second. With regard to this same tax the continuation of July 15, 1882, shows:

* "People ex rel. Julian Rumsey vs. Thomas F. Baldwin. In the Circuit Court of Cook County, Illinois. Case 9167. Appeal. Judgment rendered December 17, 1874, against defendant for taxes for the year 1872 on the premises in question with other property $314.78. Appeal allowed."

Third. With regard to these same taxes, a subsequent continuation of abstract, dated November 14, 1890, shows:

"Note. Application was made to the County Court of Cook County, Illinois, at the July Term A. D. 1883 thereof, for judgment against Ex R. R. N. of Road, E. 1/2 N. E. 1/4 Sec. 31, T. 39 R. 13, for the State, County, etc., taxes of 1872, levied thereon by Town of Cicero, amounting to $314.36. Said taxes have not been extended on any subsequent tax warrant, and remain unpaid of record."

Fourth. The continuation of July 15, 1882, shows:

"Note. The premises in question with other property were forfeited to the State of Illinois August 25, 1879, (at the sale commenced July 21, 1879) for the State and County taxes of 1871, amounting to $133.80, which amount had not been extended on any subsequent tax warrant prior to 1881 and remained unpaid."

Fifth. The continuation dated November 14, 1890, shows:

"Note. Application was made to the County Court of Cook County, Illinois, at the July Term A. D. 1883, thereof, for judgment against the premises in question, with other property for the State, County, etc., taxes of 1871, (ex School Tax) amounting to $138.70. Said taxes have not been extended on any subsequent tax warrant and remain unpaid of record."

Sixth. That the premises involved in the foregoing tax matters were from 1856 to 1876 the property of Thomas F. Baldwin, and constituted an undivided tract of approximately 70 acres of land, but which has since 1876 been subdivided into lots and blocks, with streets and alleys, and for more than fifteen years has had macadamized streets, cement sidewalks, water and sewer, and the district included in the 70 acres is largely improved with buildings and the ownership now vested in many individuals, and since the subdivision as aforesaid has been assessed as lots and not as lands.

Seventh. That the taxes on the premises in question were duly paid to the proper authorities, by the persons whose duty it was to pay the same, for all of the years preceding 1871, and for all the years succeeding 1872, down to the present time, but the 1871 and 1872 taxes were not paid.

Eighth. The defendant Bolen can show by evidence of various attorneys, including the attorneys of the Chicago Title & Trust Company (all of which evidence the plaintiff insists is inadmissible, on the ground of immateriality and irrelevancy, and moves to strike it out) that a great many persons have purchased lots in the tract of land involved in these tax questions, and have borrowed large sums of money thereon to build houses and otherwise, and that the Chicago Title & Trust Company has issued numerous owners as well as mortgage guarantee policies on lots in said

tract, without making any objection on account of said tax matters.

Ninth. Defendant offered to pay plaintiff the *pro rata* part of said unpaid taxes, but did not, and confessed he could not, produce official figures showing what that part amounted to, and plaintiff declined to accept such money, and insisted on having such tax satisfied of record.

Tenth. The defendant Bolen is a lawyer, and was notified of the objection of the attorney for the plaintiff, and took the position that the objection was not tenable, and that the tax matters in question were not liens and could not be paid even if desired.

The plaintiff refused to accept the title as shown by the abstract in respect to the tax matters above stated, and demanded the return of the $100 deposited, and on defendant's refusal to return the $100 the present suit followed.

Eleventh. The only question involved in this case is whether or not the title as shown by the abstract with regard to the tax matters above mentioned justifies the purchaser in declining to accept the title and complete his purchase.

The court sustained the objection made by plaintiff to the offered evidence of defendant contained in item eight above, and disregarded such evidence.

The Municipal Court held, as appears from the propositions of law in the record, that an agreement to make good title is always implied in executory contracts for sale of land; that a purchaser is never bound to accept a defective title unless he expressly·stipulates to take such title knowing its defects; that the title to which a purchaser is entitled is one that is good beyond a reasonable doubt, such a title to which no reasonable man would object, such a one as a prudent man would not hesitate to invest his money upon at a full market price, such a one as will bring in the market as high a price with as without the objection; and further that the vendor is bound to

render to the vendee an abstract of title which cannot be reasonably questioned, which in and of itself without regard to extraneous circumstances should show a good title; that it is not incumbent upon the vendee to expend time, labor and money in ascertaining and adding to such abstract matters which might cure defects shown thereby, and that a vendee in passing upon the title of the vendor is not bound to assume or search for any evidence or state of facts in favor of the title not shown by the abstract of title tendered to him by the vendor.

To these holdings of the presiding judge no exceptions were taken and there are no cross errors assigned on this record calling them in question.

The lower court also held, as appears by the propositions of law tendered by the defendant, that the tax matters in question were not liens on the property, for the reason that the taxing and tax collecting bodies had not proceeded in a statutory manner to collect the same, and because the same had not been extended from year to year on the tax warrants for the current years, as provided by law, and collected prior to the subdividing of the tract covered by such tax matters and the assessing thereof on individual lots, and because a levying and collecting of taxes being a purely statutory function unless such tax was levied and collected in the manner provided by law, the tax was void and ceased to be a lien.

The court accordingly made a finding in favor of the defendant and against the plaintiff, and entered judgment upon such finding.

In our opinion the taxes shown in the stipulation of facts as unpaid are liens upon the premises in question and are clouds upon the title of the defendant, and the plaintiff was not bound, under his contract, to accept a title so encumbered. We think the abstract of title did not show a merchantable title and that the plaintiff was justified in rejecting the title and demanding the return of the money which he had paid.

The judgment of the Municipal Court is therefore reversed and judgment will be entered here in favor of Thomas R. Wilson, plaintiff, against John L. Bolen, the defendant, on a finding of fact, for $100 and interest, amounting to $108.

*Reversed and judgment here.*