MR. JUSTICE GROVES
delivered the opinion of the Court.
This is a quiet title action brought by the owner of a patented placer mining claim, called the Bonanza, against the owner of land patented as an agricultural homestead. The petitioner (Spar Mining Co.), the owner of the Bonanza, was the plaintiff in the quiet title action. The respondent Miller is the owner of the agricultural homestead. The evidence at the trial was presented by stipulated facts and the introduction of exhibits. Uniquely, neither party made any claim that either of them or any of their predecessors in interest ever occupied the properties involved. Therefore, no statute of limitations is involved which requires proof of adverse possession, actual possession or that the lands have been vacant and unoccupied.[1] The case rests solely upon paper titles. The district court found Spar Mining Co.’s title to the Bonanza to be valid and quieted title to the placer in the company as against Miller. The court of appeals, 38 Colo. App. 249, 556 P.2d 1226, reversed. On certiorari we reverse the court of appeals and affirm the district court.
The agricultural land was homesteaded by one Elliott. A receiver’s receipt issued to him on August 16, 1886, describing among other lands the E 1/2 NE 1/4 of Section 23, Township 10 South, Range 85 West of the 6th P.M. At that time the only official survey plat of this township was one based upon a survey by Benjamin K. Kimberly, which plat was approved by the United States Survey General’s Office on September 26, 1882. It later developed that the Kimberly survey was fictitious, and the Surveyor General’s Office suspended it on September 18, 1886. Leonard Cutshaw was commissioned to perform a lease survey of the area. On November 8, 1888 the Surveyor General’s office approved the plat of the Cutshaw resurvey.
The location certificate for the Bonanza was filed in the office of the Clerk and Recorder of Pitkin County, Colorado on March 30, 1889, reflecting location on March 27, 1889. This described part of the Bonanza as being within the NE 1/4 NE 1/4 of Section 23 as that description was shown on the November 8, 1888 plat of Cutshaw’s survey.
*551 The following is taken from the district court’s findings: The lines of the Cutshaw resurvey did not correspond with the lines of the Kimberly survey. In view of the number of entries which had been made upon the public lands between the date of the Kimberly survey and the date it was suspended, using descriptions based on the Kimberly survey, Thomas Withers was commissioned by the Surveyor General to survey and establish the metes and bounds of those claims in Township 1 O'South, Range 85 West of the 6th P.M. filed and settled upon prior to September 18, 1886, the date of suspension of the Kimberly survey. The purpose was to enable the claims to be protected in their true locations on the ground. Withers’ work was to be based on the November 8, 1888 Cutshaw plat.
The plat of the Withers survey was approved by the Surveyor General on July 18, 1889, and a further plat from that survey was approved by the Surveyor General on March 31, 1891. Both plats show the only part of the Elliott homestead in Section 23 being in the W 1/2 NW 1 /4 and NW 1 /4 SW 1 /4 thereof, and neither plat shows the homestead in the E 1 /2 NE 1/4 of that section. The accompanying survey notes dated June 14, 1889 state that, “As no survey was ever done in Sec. 14 & 23 along Castle Creek previous to Cutshaws survey Warren J. Elliott located on the West side of Castle Creek but described his land for preemption cash wrongly on account of error in the old plat made from fictitious notes.” On September 16, 1890 a United States Patent issued to Elliott, based upon the receiver’s receipt already mentioned and describing it as a part of the patented property the E 1/2 NE 1/4 of Section 23.
On February 14, 1895 the United States patent issued for the Bonanza. This was described in the patent by reference to Mineral Survey No. 5840. This survey referred to large boulders located at the corners of the Bonanza on which the mineral surveyor chisled the survey number. These boulders with the survey number on each are physically in evidence on the Bonanza today.
A portion of the court of appeals opinion reads as follows:
“The trial court erred in determining that the Elliott patent was ambiguous. While this survey might have been a basis for Elliott, or for that mati ter the U. S. Government with the consent of Elliott, to institute a direct proceeding to cancel the original Elliott patent and have a new patent issued therefor, if in fact there had been an error in the issuance of the original patent, that survey could not be used by the trial court as the basis to, in effect, reform the Elliott patent. Such a reformation may be accomplished only by a direct proceeding brought by the government. . . . * * * *
“It is undisputed that the Bonanza Placer is located entirely within the NE 1/4 NE 1/4 of Said Section 23. The patent to the NE 1/4 of the NE 1/4 was issued in 1890 whereas the patent to the Bonanza claim was not issued until 1895. Plaintiff and defendant each have a conveyance from *552 the U. S. Government for the land in controversy and the Elliott patent was issued prior to the patent to the Bonanza Placer; consequently, it must prevail.”
The Elliott patent states that its description of land is in accordance with “the official plat of the survey of said land.” When the Elliott patent issued on September 16, 1890, the only official plat was the Withers survey plat, which had been approved on July 18, 1889. The legal description was the same as that used in the receiver’s receipt. The only government survey plat in existence on August 16, 1886, the date of the receiver’s receipt, was that of the Kimberly survey. The Elliott homestead as shown by the legal description itself is in conflict with its location shown by the Withers survey plat.
We agree with the conclusion of the trial court that, since the Elliott patent referred to the plat, the patent is ambiguous as to the location of the property patented.
“It is a well settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and landmarks, becomes as much a part of the grant or deed by which they are conveyed, and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or grant itself.” Cragin v. Powell, 128 U.S. 691, 9 S.Ct. 203, 32 L.Ed. 566 (1888).[2]
This rule has also been recognized by this state’s courts. Twin Lakes Reservoir & Canal Co. v. Bond, 157 Colo. 10, 401 P.2d 586, cert. denied, 382 U.S. 902, 86 S.Ct. 236, 15 L.Ed.2d 155 (1965); Smith v. Town of Fowler, 138 Colo. 359, 333 P.2d 1034 (1959); Radio San Juan, Inc. v. Baker, 31 Colo. App. 151, 498 P.2d 957 (1972).
The district court stated that it found the law unclear as to whether field notes were a part of the plat, although it was inclined to think they were.[3] We approve its ruling that, if the field notes are not apart of the plat, by reason of the plat the patent shows an ambiguity which permits reference to the field notes to determine the intention of the parties. See Kretschmer v. Hard, 18 Colo. 223, 32 P. 418 (1893).
From the evidence of the case there is no question concerning the physical location of the Bonanza. Likewise, the trial court’s ruling that the Elliott homestead was not intended to be patented at the location' occupied *553 by the Bonanza is supported by the evidence. In such a situation, the district court was correct in quieting the title of Spar Mining Company to the Bonanza.
The judgment of the court of appeals is reversed and the cause returned to it for remand with directions to reinstate the district court’s judgment.

See sections 38-41-101, 108, 109, C.R.S. 1973.

Accord, Jefferis v. East Omaha Land Co., 134 U.S. 178, 10 S.Ct. 518, 33 L.Ed. 872 (1890); United States v. Reimann, 504 F.2d 135 (10th Cir. 1974); Walton v. United States, 415 F.2d 121 (10th Cir. 1969).

See Heath v. Wallace, 138 U.S. 573, 1 1 S.Ct. 380, 34 L.Ed. 1063 (1890); Foss v. Johnstone, 158 Cal. 119, 110 P. 294 (1910); Chandler v. Hibberd, 165 Cal. App.2d 39, 332 P.2d 133 (2d Dist. 1958).