ELIZABETH DOWLING, by Guardian, etc., Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*It seems* that an infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and when an infant is injured by alleged negligence, in passing upon the question of contributory negligence the age of the infant is to be considered by the jury with the other circumstances of the case.

(Argued November, 15, 1882 ; decided November 28, 1882.)

THE opinion in this action, which is given in full, shows the nature of the action and the material facts.

"This action was brought by the plaintiff to recover damages sustained by her, on account of injuries from an engine of the defendant at a street crossing. At the time of the injury she was about nine years old. The defendant had a large paint shop in the city of Syracuse two hundred and thirty-three feet long, which stood immediately south of and adjoining West street in that city, the width on the street being thirty-seven feet. On the day of the injury the plaintiff, with three other little girls, two of whom were ten years old and the other about nine, were passing southerly upon West street, and when they reached the paint shop the plaintiff and two of the other girls stopped to look at some pictures on the end of the shop, and one of them, plaintiff's sister, passed on and crossed the railroad tracks, which were immediately south of the shop, the first track being within four feet and two inches of the southerly side of the shop. After looking at the pictures for a moment, the plaintiff and the two other girls started southerly upon the sidewalk, and immediately after she passed the southerly corner of the shop, an engine coming upon the track struck her and injured her severely. There was evidence tending to show that no bell was rung; that there was no flagman at the crossing; that the tender of the engine overlapped the track about two feet, thus coming within about two feet of the southerly side of the shop; the plaintiff looked to the west before entering upon the track and saw no train coming. She did not look to the east, as the shop obstructed her view in that direction, unless

she had stopped at the southerly corner and there looked. If she had done so, she could have seen this engine; but just as she got to the southerly corner and passed on she was struck and injured. It is not disputed that there was sufficient evidence of the defendant's negligence, but the claim is here made that there was undisputed and uncontradicted evidence of the plaintiff's contributory negligence. We are of the opinion that, under all the circumstances, it was a question of fact for the jury to determine whether there was negligence upon the part of the plaintiff. There was proof that she listened, and that she looked. There was proof of the obstruction on the easterly side of the sidewalk, and of the situation of the track, and its nearness to the paint shop; that her sister had passed over the track safely and was upon the southerly side thereof; that there was no flagman there to warn her, and from these facts we are inclined to think that, even if the plaintiff had been an adult, there would have been enough for the jury upon the question of her negligence. But it is well settled that the same degree of care is not required of an infant of tender years which is required of an adult. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question of contributory negligence the age of the infant, with all the other circumstances in the case, is to be considered by the jury. (*Thurber* v. *The H. B. M. & F. R. R. Co.*, 60 N. Y. 326; *Reynolds* v. *The N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *Byrne* v. *The N. Y. C. & H. R. R. R. Co.*, 83 id. 620.)

We are, therefore, of the opinion that this judgment should be affirmed, with costs."

*D. Pratt* for appellant.

*Charles W. Oliver* for respondent.

EARL, J., reads for affirmance.
All concur, except TRACY, J., absent.
Judgment affirmed.