VIETTA BROWN, an Infant, by EDWARD J. SHANAHAN, her Guardian ad Litem, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

*Use of a defective sidewalk — contributory negligence, a question for the jury — negligence of an infant — an error in the plan of construction.*

A passenger upon a street has a right to use its sidewalk, although knowing it to be in an unsafe condition, and if he is injured it is a question for the jury whether he was guilty of any carelessness which contributed to the injury; the degree of care required of a person approaching a situation known to be dangerous is, as a general rule, to be determined by the jury.

An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question as to the contributory negligence of an infant, the age of the infant, with all the other circumstances of the case, are to be considered by the jury, and that which in the case of adults might, as matter of law, be considered contributory negligence, may, in the case of infants of tender age, present a question of fact for the jury.

Upon the trial of an action brought to recover of a city damages for injuries alleged to have been sustained from a fall occasioned by the defective condition of a sidewalk, it was shown that the accident happened at the southeast corner of Henderson and Oak streets; that the occupant of the corner lot had built a new sidewalk on Henderson street upon a grade fixed by the city engineer of the defendant. This sidewalk, at the point where it stopped near the margin of the sidewalk of Oak street, was about a foot higher than the walk on Oak street, and the two were connected by a slant of earth about sixteen inches long.

The trial court refused to charge, as requested by the defendant, that if the condition of the walk was the result of an error of judgment in determining the plan of construction the plaintiff could not recover.

*Held,* that the trial court properly determined that the rule as to the plan of construction did not apply.

APPEAL by the defendant, The City of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 22d day of March, 1893, upon the verdict of a jury, rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 22d day of March, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles E. Ide,* for the appellant.

*M. E. Driscoll,* for the respondent.

MERWIN, J.:

This action is based upon negligence. The plaintiff, on the 28th day of November, 1891, fell upon the sidewalk at the intersection of Oak and Henderson streets in the city of Syracuse, and the recovery in the case is for the damages sustained from the fall. Henderson street at that locality is comparatively level and runs east and west. Oak street runs north and south, and as one comes north there is a steep up grade. The accident was at the southeast corner. The occupant of the corner lot had, in the month of October previous to the accident, built a new sidewalk on Henderson street upon a grade fixed by the city engineer of the defendant. This sidewalk at the point where it stopped near the margin of the sidewalk of Oak street was about a foot higher than the walk on Oak street, and the two were connected by a slant of earth about sixteen inches long. The plaintiff was then between eight and nine years old. She came up on the east side of Oak street drawing a small sled. When she arrived at the corner at Henderson street she turned, and in the effort to step on to the new sidewalk there she slipped and fell and was injured. This was in the forenoon. It had been snowing some, and there is evidence tending to show that the snow melted so that it was muddy at the corner.

There is evidence tending to show that the sidewalk at the corner or the connection between the two was in a defective or dangerous condition, and had been so for a sufficient length of time to charge the defendant with notice, and that such defective condition caused or contributed to the injury. The main contention of the defendant is that the evidence was not sufficient to justify the submission to the jury of the question of contributory negligence.

The plaintiff had been over the walk before and could see the step as she came to it. She is not able to describe particularly how she came to fall except that she tried to step up on to the new sidewalk and her foot slipped and she fell. The step, as she says, was quite a big one, and there is other evidence to that effect. There was at the side a slope that she might have taken, but there is evidence showing that that was muddy.

In *Bullock* v. *The Mayor*, etc. (99 N. Y. 654), it is said that a passenger upon a street has a right to use its sidewalk, although knowing it to be in an unsafe condition, and if he is injured it is a

question for the jury whether he was guilty of any carelessness which contributed to the injury. There, as here, the party made a misstep and fell. The degree of care required by a person approaching a situation known to be dangerous is, as a general rule, to be determined by the jury. (*Palmer* v. *Dearing,* 93 N. Y. 10.) An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question of contributory negligence the age of the infant, with all the other circumstances in the case, is to be considered by the jury. (*Dowling* v. *N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 670.) What in case of adults might, as matter of law, be contributory negligence, may, in case of infants of the age of the plaintiff, present a question of fact for the jury. (*Baird* v. *Richardson,* 4 N. Y. St. Repr. 648; *McGovern* v. *N. Y. C. & H. R. R. R. Co.,* 67 N. Y. 417, 422.)

We think that the question of contributory negligence was properly given to the jury. The degree of intelligence of the plaintiff was an element. She was a witness before the jury, and they, therefore, on that subject, had special means of knowledge. They had a right to consider the conduct of the plaintiff at the time of the accident, as testified to by her, and the surrounding circumstances.

The defendant further claims that the court erred in refusing to charge that if the condition of the walk was the result of an error of judgment in determining the plan of construction, then the plaintiff could not recover.

It is very evident that the city did not intend that the step between the walks should be a permanent matter. The grade upon Oak street was designed to be raised to correspond to that on Henderson street. The question was, as the court charged the jury, whether the connection between the higher and lower grade was unsafe, as it was in fact left and had remained for a month. The court properly held that the rule as to the plan of construction did not apply.

No sufficient reason is shown for reversing the judgment, and it should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.