Spear, J.
1. A preliminary question is made, with respect to the action of the circuit court in overruling a motion to reattach certain depositions to the bill of exceptions. It is recited in the bill that depositions of the witnesses named were given in evidence, and that they are attached, marked respectively Exhibits “E” and£ £F. ’ ’ Proof was heard for and against the claim that the depositions were ever part of the bill. Giving to the testimony a construction most favorable to the plaintiff in error the question, reduced to its last analysis, is whether a paper claimed to be the identical paper given in evidence at the trial, which was attached to the bill of exceptions only by being *380 placed between the pasteboard back and the stenographer’s report, in which position it was held with sufficient tenacity to retain its place, but which paper was not marked nor identified as an exhibit, either by the trial judge or the stenographer, or by any one, can be treated as a part of the bill. We think it cannot. The circuit court did not err in overruling the motion, nor in refusing to pass upon the weight of the evidence Hicks v. Persons, 19 Ohio, 426; Wells v. Martin, 1 Ohio St., 386; Busby v. Finn, Id., 409.
2. It is insisted that the petition fails to state a cause of action, and that the trial court therefore erred in overruling a general demurrer to that pleading. The criticisms are that there is no averment that the train was unnecessarily detained on the crossing; that the allegations of negligence are mere epithets, and not a statement of the omission of any duty, and that the presumption of contributory negligence arising from the facts stated is not overcome by proper averments.
Omitting formal parts, the petition alleges in substance that the plaintiff was a minor of the age of nine years; that defendant’s track through the village of Coldwater intersects and crosses Main street at grade; that Main street is a common thoroughfare and highway, tlie principal street of said village, and the point of junction bothapublic highway and street crossing, necessarily much used and frequented by the public. On June 5, 1890, the defendant did negligentlyandunlawfully, and without due care on the part of the servants of said defendant in charge thereof, leave a long train of freight cars attached to a locomotive, standing upon and over, obstructing and blocking said crossing for a period of more than five *381 minutes, without any attention to said crossing or the consequence to the convenience or life and limb of persons having occasion to pass such obstruction. That at the time aforesaid, during the hour of noon of said day, while said train was so unlawfully standing on said crossing, the plaintiff, a child of tender years and immature experience and judgment, was lawfully passing along said street going to a point beyond said crossing on Main street. When, arriving at said crossing and in full view of the engineer’s position, and in full view of any servant being on the lookout or keeping watch over said train, he found said crossing so obstructed and blocked by said defendant’s train; that after remaining at, said crossing for more than five minutes, and receiving no warning, plaintiff, in full view of the engineer’s proper position, and within the knowledge of ordinary prudence of defendant’s servants, attempted to pass over and cross such obstruction. While so passing over said cars defendant’s servants, without any care or attention to said crossing, or the consequence to any one attempting to pass such unlawful obstruction, without due care, without signal, without notice, without warning, did then and there imprudently, carelessly, negligently and wrongfully start said ears suddenly and violently backward, whereby said plaintiff’s right foot was caught between the couplings of two ears, and the injury followed.
If the action were to recover the penalty prescribed by section 4748, Revised Statutes, or to recover damages arising to any person by reason alone of the obstruction, it would be necessary to aver that the obstruction was continued unnecessarily, for that condition is incorporated in the *382 statute. But section 6890, Revised Statutes, which provides that “any person who permits any car or locomotive of which he has charge to remain upon or within thirty feet of the center or across any public road, street, or alley, for a period longer than five minutes * * * shall be fined, ” etc., does not impose the requirement of showing that the cars were so permitted to remain unnecessarily, and the language quoted clearly implies the duty to remove the obstruction after the lapse of five minutes. Notice of this statute being taken, the neglect of duty is implied from the statement of the fact of continued obstruction. So construed, the petition makes a case of violation of duty, and this, with the averment that the act was negligently done and the further allegation that the starting of the ears, by which the injury was immediately caused, was done negligently, without warning and wrongfully, we think is sufficient charge of negligence as against a general demurrer. The general rule is that allegations which adequately state the facts of negligence are sufficient to constitute a good pleading. An allegation specifying the act, the doing of which caused thq injury, and averring generally that it was negligently done, states a cause of action, although it be not apparent from the complaint how the injury resulted from the negligence alleged.” Boone’s Code Pleading, section 174; Bliss’ Code Pleading, section 211a/ Maxwells’s Code Pleading, 251) Gulf, etc., Railroad v. Washington, 49 Fed. Rep., 347; Rushville v. Adams, 107 Ind., 475. Nor are the two negligent acts independent of each other. Both concur in constituting an act of negligence, viz.: the negligent starting of a train, negligently and unlawfully obstructing a street crossing. Burger v. Railway, 112 Mo., 238.
*383 Nor is the petition faulty in that it does not sufficiently negative the presumption of contributory negligence. It is well settled that a child is presumed to possess only such discretion as is common to children, and is, therefore, held only to the exercise of such care as is reasonably to be expected from children of his own age and capacity. Rolling Mill Co. v. Corrigan, 46 Ohio St., 283. The law as to personal responsibility of a child for his acts is declared by Bishop, in his work upon Criminal Law, section 368, in these words: “Since, in reason criminal capability depends on the understanding rather than the age, there can be no fixed rule of ■ age which will operate justly in .every possible case. But an imperfect rule is practically better than none. Therefore, at the common law, a child under seven years is conclusively presumed incapable of crime. Between seven and fourteen the law also deems the child incapable, but only prima facie so, and evidence may be received to show criminal capacity.” The rule is sustained by many authorities, and may be regarded as an accepted rule of criminal law; and it would seem that the principle should have application to a case of negligence. Prof. Thompson, in his work on Negligence, at page 1181, comments as follows: “Two questions arise: 1. At what age or period of a child’s development shall it be held to be sui juris for the purpose of cases of this kind; 2. Whether this is a question of law or a question of fact. When the age of the child admits of no doubt as to its capacity to avoid danger, the court will decide this question as a matter of law. * * If there is any doubt as to the child being of the age and capacity that in law constitutes one sui juris, *384 it should be submitted to the jury to say by their verdict whether he is so or not. ” The rule is tersely stated by Mr. Justice Hunt, in Railroad Co. v. Gladmon, 15 Wallace, at page 408, thus: “The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case.”
Unless, therefore, it can be held as matter of law, that the injured person had the capacity to foresee and avoid danger, negligence will not be imputed to him. And inasmuch as this presumption will not be visited upon children under the age of fourteen, it follows that the averment that the plaintiff was a boy of nine years of age, and that he was of immature experience and judgment, is sufficient to rebut any legal presumption of contributory neglig-ence from other facts appearing in the petition. Sharswood’s Blackstone, Vol. 1, 435, 464; Vol. 4, 20; Rauch v. Lloyd & Hill, 31 Pa. St., 358; Nagle v. Railroad, 88 Pa. St., 35, 39; Rhodes v. Railroad, 84 Ga., 320; Thurber v. Railroad, 60 N. Y., 326; Dowling v. Railroad, 90 N. Y., 670.
3. Defendant’s counsel asked the court to charge the jury that “If you find in this case from the evidence, that defendant’s train of cars occupied Main street crossing in Coldwater, Ohio, for a period exceeding five minutes, and more, than the statutory period, and you further find that plaintiff, while said train so occupied said crossing, climbed up between two of defendant’s cars in said train, he, by so doing became and was a trespasser, and while so trespassing the defendant owed him no duty in moving the train from such crossing, unless you find from the evidence, that defendant .and its servants operating the train knew of his presence there,” which was refused.
This request implies that, under the circum *385 stances stated, the plaintiff would, as matter of law, be a trespasser if he climbed up between two of the cars while attempting to cross over. We think this a question of mixed fact and law. The evidence tended to show that at the time the attempt to cross over was made the crossing had been obstructed for more than five minutes to the hindrance of travel thereon, which act of continued obstruction, if proven, was a violation of law and made the company itself a trespasser. Its cars were where they had no right to be, while, if the boy was rightfully upon the crossing, as the evidence tended to show he was, he was where he had a right to be, and his attempt to pass the obstruction by climbing upon the ears would not make him a trespasser. It was, we think, for the jury to say whether he was a trespasser or not.
Defendant’s counsel also requested the court to charge “That if a public highway is completely blocked by a united freight train, attached to an engine, such possession of the highway by the train, even though such possession extends beyond the statutory time, is notice to all traveling public, children and adults alike, of the presence of such train at such place, and that it is likely to be moved at any time, and such train in that condition is not an invitation to any of the traveling public to pass over' the crossing by climbing upon, or over such train,” which was refused.
One objection to this request is that it ignores the difference between the responsibility of adults and children already adverted to. Whether or not the presence of a train upon a crossing should be treated as notice to a child of nine years of age that it is likely to be moved at any time depends upon the degree of intelligence and judgment possessed by the child, and that, as we have al *386 ready found, is a question of fact for the jury. Besides this, it might he argued that the train would naturally furnish temptation to such a child, when desiring to pass, to take great risk in doing so, and that trainmen, as reasonable men, ought to anticipate that children would exercise only the discretion usual among’ children, and, if circumstances indicated their presence at the crossing, to take reasonable precautions for their safety.
The charge as a whole was excepted to. We think it correctly presents the law, and is as favorable to the defendant below as its counsel could well ask.
Other questions were argued. They have all been considered, but we do not find anything in the record which would warrant a reversal of the judgment. Judgment affirmed.